John Colan (D.C. Bar No. 1011310)
SINOBERG RAFT
1754 Corcoran Street NW, Apt 56R
Washington, DC  20009
Telephone:    1 (804) 513-1566
Email:        John.Colan@SinobergRaft.com

*Proposed Counsel to the Debtors*

Lisa Laukitis (*pro hac vice* pending)
Benjamin M. Schak (*pro hac vice* pending)
Avi Taub (*pro hac vice* pending)
MILBANK LLP
55 Hudson Yards
New York, NY  10001
Telephone:    1 (212) 530-5000
Email:        LLaukitis@Milbank.com
              BSchak@Milbank.com
              ATaub@Milbank.com

*Proposed Counsel to The Jerk Pit, LLC*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re* <br> **LISA NASH** d/b/a The Jerk Pit, <br> Debtor. <br> Tax ID No. xxx-xx-2750 | Case No. 25-00097 (ELG) <br> Chapter 11 <br> (Expedited Consideration Requested) |
| *In re* <br> **THE JERK PIT, LLC**, <br> Debtor. <br> Tax ID No. 56-2486016 | Case No. 25-00201 (ELG) <br> Chapter 11 <br> (Expedited Consideration Requested) |

# DEBTORS' MOTION FOR JOINT ADMINISTRATION OF THE CHAPTER 11 CASES

The debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, "**The Jerk Pit**" or the "**Debtors**"), respectfully state as follows.

## RELIEF REQUESTED

1. By this motion (the "***Motion***"), the Debtors seek entry of an order, (a) directing joint administration of the Chapter 11 Cases for procedural purposes and (b) granting related relief. A proposed form of order (the "***Proposed Order***") is attached to this Motion as **Exhibit A**.

2. In support of joint administration, the Debtors request that the Court maintain one file and one docket for all of the jointly administered Chapter 11 Cases under the case of *Lisa Nash*, Case No. 25-00097, and that the Court administer the Chapter 11 Cases under a consolidated caption, as follows:

| | |
|---|---|
| *In re*<br>**LISA NASH** d/b/a The Jerk Pit *et al.*,[1]<br>　　　　Debtors. | Case No. 25-00097 (ELG)<br>Chapter 11<br>(Jointly Administered) |

3. The Debtors seek a determination that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n).

4. The Debtors also request that the Court direct that a docket entry, substantially similar to the following, be entered on the docket of The Jerk Pit, LLC, to inform parties in interest that the Chapter 11 Cases are jointly administered.

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of The Jerk Pit, LLC and its affiliated debtors. All further pleadings and papers shall be filed in, and all further docket entries shall be made in, the docket of *Lisa Nash*, Case No. 25-00097 (ELG), and that

---

[1]  The Debtors in these chapter 11 cases (the "***Chapter 11 Cases***"), along with the federal tax identification number and address of each one, are Lisa Nash (xxx-xx-2750, at 6510 Park Hall Drive, Laurel, MD 20707); and The Jerk Pit, LLC (56-2486016, at 9078 Baltimore Ave., College Park, MD 20740).

docket should be consulted for all matters affecting this chapter 11 case.

5. The principal statutory bases for this Motion are section 105(a) of title 11 of the U.S. Code (the "**Bankruptcy Code**") and Rules 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**").

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This case has been referred to the Court pursuant to 28 U.S.C. § 157(a) by Local Bankruptcy Rule 5011-1(a) of the Rules of the United States District Court for the District of Columbia (Jan. 2024). This Motion is a core proceeding under 28 U.S.C. § 157(b). Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

7. Lisa Nash opened The Jerk Pit's first location in 2005 in a converted clapboard house, introducing authentic Jamaican cuisine to diners in College Park, Maryland. Over the years, the business expanded to a full-service dine-in and take-out restaurant with approximately fifteen employees. Encouraged by the success of the College Park location, The Jerk Pit opened its second location in the Adams Morgan neighborhood of Washington, DC, in August 2024. The Jerk Pit's College Park and Washington locations are operated by, respectively, The Jerk Pit LLC and Lime Cay, Inc. (the "**Jerk Pit Entities**"), both of which are wholly owned by Ms. Nash.

8. The Adams Morgan expansion was financed with a series of burdensome financing transactions through which both Jerk Pit Entities sold or pledged portions of the combined business's receivables. Meanwhile, business at the Adams Morgan location has grown slower than expected, two of the financing providers have begun to exercise remedies, and both Jerk Pit Entities now face eviction proceeds from their respective landlords on account of unpaid rent. Amid these challenges, Ms. Nash has determined to close the newer location and focus her remaining capital and energy on preserving the profitable College Park location.

9. Ms. Nash filed a voluntary petition for chapter 11 relief on March 21, 2025, and The Jerk Pit, LLC filed a voluntary petition on the same date as this Motion. The Jerk Pit's case was filed under subchapter V of chapter 11, and a motion to allow Ms. Nash to amend her petition to proceed under subchapter V is forthcoming. No trustee, examiner or official committee has been appointed in these cases.

## BASIS FOR RELIEF

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Both Jerk Pit Entities are "affiliates" of Ms. Nash, as that term is defined under section 101(2) of the Bankruptcy Code, in that both are wholly owned by Ms. Nash. Accordingly, the Bankruptcy Code authorizes this Court to administer the Debtors' estates jointly and grant the requested relief.

11. Bankruptcy Rule 1015(b) promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of creditors, several of whom may hold claims against more than one Debtor. Joint administration of the Chapter 11 Cases will provide significant administrative convenience without harming or affecting the substantive rights of any party in interest. The Debtors intend to file with the Court several motions and applications, including the various motions and applications which have been filed on the first day of the Chapter 11 Cases. Joint administration for procedural purposes of these cases will avoid unnecessary delay and expense by obviating the need for the Debtors to file duplicative motions and applications and for the Court to enter duplicative orders in each of the Chapter 11 Cases, thereby saving the Debtors and parties in interest considerable time and expense, as well as easing the administrative burden on the Court and the parties. By aggregating all papers related to the Debtors under the same case caption and docket, creditors and parties in interest will be able to access and review relevant information concerning the Debtors in one place and will thereby be better able to keep apprised of the matters before this Court. Joint administration will also avoid the burdensome necessity of duplicating notices to numerous creditors. Finally, supervision of the administrative aspects of the

Chapter 11 Cases by the Office of the United States Trustee will be simplified by joint administration of the cases.

12. The rights of creditors will not be adversely affected because this Motion requests only administrative consolidation of the Chapter 11 Cases and not substantive consolidation of the Debtors' estates (which may be proposed under the Debtors' plan of reorganization). Accordingly, the Debtors submit that joint administration of these Chapter 11 Cases is in the best interests of the Debtors' estates and all parties in interest.

*[Remainder of page intentionally blank]*

Upon the foregoing Motion, the Debtors respectfully request that the Court (a) enter the Proposed Order granting this Motion and (b) grant such other relief as is just and proper.

| | |
|---|---|
| Dated: May 28, 2025<br>Washington, D.C. | Respectfully submitted,<br><br>*/s/ John Colan*<br>John Colan (D.C. Bar No. 1011310)<br>SINOBERG RAFT<br>1754 Corcoran Street NW, Apt 56R<br>Washington, DC  20009<br>Telephone: 1 (804) 513-1566<br>Email:     John.Colan@SinobergRaft.com<br><br>*Proposed Counsel to the Debtors*<br><br>Lisa Laukitis (*pro hac vice* pending)<br>Benjamin M. Schak (*pro hac vice* pending)<br>Avi Taub (*pro hac vice* pending)<br>MILBANK LLP<br>55 Hudson Yards<br>New York, NY  10001<br>Telephone: 1 (212) 530-5000<br>Email:     LLaukitis@Milbank.com<br>            BSchak@Milbank.com<br>            ATaub@Milbank.com<br><br>*Proposed Counsel to The Jerk Pit, LLC* |

# EXHIBIT A TO JOINT ADMINISTRATION MOTION

# PROPOSED ORDER

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re* <br> **LISA NASH** d/b/a The Jerk Pit, <br> Debtor. <br> Tax ID No. xxx-xx-2750 | Case No. 25-00097 (ELG) <br> Chapter 11 <br> **Re: Dkt. No. __** |
| *In re* <br> **THE JERK PIT, LLC**, <br> Debtor. <br> Tax ID No. 56-2486016 | Case No. 25-00201 (ELG) <br> Chapter 11 |

# ORDER DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES

Upon the motion (the "**Motion**"), of the above-captioned debtors (the "**Debtors**") for entry of an order (this "**Order**") directing joint administration of the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"); and the Court having jurisdiction to decide the Motion and to enter this Order pursuant to 28 U.S.C. § 1334; and these chapter 11 cases having been referred to this Court pursuant to 28 U.S.C. § 157(a) by Local Bankruptcy Rule 5011-1(a) of the Rules of the United States District Court for the District of Columbia (Jan. 2024); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, consistent with the Bankruptcy Rules and the Local Bankruptcy Rules, such notice being adequate and appropriate under the circumstances; and after notice and a hearing, as defined in section 102 of the Bankruptcy Code; and the Court having determined that the legal and factual bases set forth in the Motion and in the record establish just cause for entry of this Order; and it appearing that entry of this Order is in the best interests of the Debtors' estates; it is hereby **ORDERED** that:

1. The above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 25-00097 (ELG).

2. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these jointly administered Chapter 11 Cases.

3. The caption for the jointly administered Chapter 11 Cases shall read as follows:

| | |
|---|---|
| *In re* <br> **LISA NASH** d/b/a The Jerk Pit *et al.*,[1] <br> Debtors. | Case No. 25-00097 (ELG) <br> Chapter 11 <br> (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases (the "**Chapter 11 Cases**"), along with the federal tax identification number and address of each one, are Lisa Nash (xxx-xx-2750, at 6510 Park Hall Drive, Laurel, MD 20707); and The Jerk Pit, LLC (56-2486016, at 9078 Baltimore Ave., College Park, MD 20740).

4. The foregoing consolidated caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 1005 and 2002(n).

5. The Debtors are authorized to amend the consolidated caption as may be appropriate in light of the circumstances, including any change of address.

6. The Clerk of Court is directed to make a docket entry in the above-captioned Chapter 11 Cases of The Jerk Pit, LLC, substantially as follows:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Edgio, Inc. and its affiliated debtors. All further pleadings and papers shall be filed in, and all further docket entries shall be made in, the docket of *In re Lisa Nash*, Case No. 25-00097 (ELG), and that docket should be consulted for all matters affecting this chapter 11 case.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors or the Debtors' estates. All parties' rights are reserved to seek or oppose substantive consolidation.

8. Any attorney admitted *pro hac vice* in any of the jointly administered Chapter 11 Cases shall be deemed admitted *pro hac vice* in each of the jointly administered Chapter 11 Cases, without need for separate application.

9. The terms of this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors and their agents are authorized to take all steps necessary or appropriate to carry out this Order.

11. The Court will retain jurisdiction over all matters arising from or related to the implementation, interpretation or enforcement of this Order.

**Presented by:**

*/s/ John Colan*
John Colan (D.C. Bar No. 1011310)
SINOBERG RAFT
1754 Corcoran Street NW, Apt 56R
Washington, DC  20009
Telephone: 1 (804) 513-1566
Email: John.Colan@SinobergRaft.com

Lisa Laukitis (*pro hac vice* pending)
Benjamin M. Schak (*pro hac vice* pending)
Avi Taub (*pro hac vice* pending)
MILBANK LLP
55 Hudson Yards
New York, NY  10001
Telephone: 1 (212) 530-5000
Email: LLaukitis@Milbank.com
BSchak@Milbank.com
ATaub@Milbank.com

**Copies to:** All counsel of record via ECF