John Colan (D.C. Bar No. 1011310)
SINOBERG RAFT
1754 Corcoran Street NW, Apt 56R
Washington, DC  20009
Telephone:  1 (804) 513-1566
Email:  John.Colan@SinobergRaft.com

*Proposed Counsel to the Debtors*

Lisa Laukitis (*pro hac vice* pending)
Benjamin M. Schak (*pro hac vice* pending)
Avi Taub (*pro hac vice* pending)
MILBANK LLP
55 Hudson Yards
New York, NY  10001
Telephone:  1 (212) 530-5000
Email:  LLaukitis@Milbank.com
         BSchak@Milbank.com
         ATaub@Milbank.com

*Proposed Counsel to The Jerk Pit, LLC*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re*<br>**LISA NASH** d/b/a The Jerk Pit *et al.*,[1]<br>Debtors. | Case No. 25-00097 (ELG)<br>Chapter 11<br>(Joint Administration Requested) |

# DEBTORS' MOTION FOR AN
# ORDER AUTHORIZING (I) REJECTION OF AN
# UNEXPIRED AUTOMOBILE LEASE AND (II) LEASE
# OR PURCHASE OF A REPLACEMENT VEHICLE

---

[1] The Debtors in these chapter 11 cases (the "**Chapter 11 Cases**"), along with the federal tax identification number and address of each one, are Lisa Nash (xxx-xx-2750, at 6510 Park Hall Drive, Laurel, MD 20707); and The Jerk Pit, LLC (56-2486016, at 9078 Baltimore Ave., College Park, MD 20740).

The debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, "**The Jerk Pit**" or the "**Debtors**"), respectfully state as follows.

### RELIEF REQUESTED

1. By this motion (the "**Motion**"), the Debtors seek entry of an order, (a) authorizing them to reject the automobile lease described in the Motion and (b) authorizing Ms. Nash to lease or purchase a vehicle on the terms described in the Motion. A proposed form of order (the "**Proposed Order**") is attached to this Motion as **Exhibit A**.

2. The principal statutory bases for this Motion are sections 105, 365 and 554 of title 11 of the U.S. Code (the "**Bankruptcy Code**") and Rule 6006 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**").

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This case has been referred to the Court pursuant to 28 U.S.C. § 157(a) by Local Bankruptcy Rule 5011-1(a) of the Rules of the United States District Court for the District of Columbia (Jan. 2024). This Motion is a core proceeding under 28 U.S.C. § 157(b). Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

**I.    THE JERK PIT**

4. Lisa Nash opened The Jerk Pit's first location in 2005 in a converted clapboard house, introducing authentic Jamaican cuisine to diners in College Park, Maryland. Over the years, the business expanded to a full-service dine-in and take-out restaurant with approximately fifteen employees. Encouraged by the success of the College Park location, The Jerk Pit opened its second location in the Adams Morgan neighborhood of Washington, DC, in August 2024. The Jerk Pit's College Park and Washington locations are operated by, respectively, The Jerk Pit LLC and Lime Cay, Inc. (the "**Jerk Pit Entities**"), both of which are wholly owned by Ms. Nash.

5.      The Adams Morgan expansion was financed with a series of burdensome financing transactions through which both Jerk Pit Entities sold or pledged portions of the combined business's receivables. Meanwhile, business at the Adams Morgan location has grown slower than expected, two of the financing providers have begun to exercise remedies, and both Jerk Pit Entities now face eviction proceeds from their respective landlords on account of unpaid rent. Amid these challenges, Ms. Nash has determined to close the newer location and focus her remaining capital and energy on preserving the profitable College Park location.

6.      Ms. Nash filed a voluntary petition for chapter 11 relief on March 21, 2025, and The Jerk Pit, LLC filed a voluntary petition on the same date as this Motion. The Jerk Pit's case was filed under subchapter V of chapter 11, and a motion to allow Ms. Nash to amend her petition to proceed under subchapter V is forthcoming. No trustee, examiner or official committee has been appointed in these cases.

## II.    THE CAR LEASE

7.      On March 16, 2024, the Debtors entered into an agreement with Porsche Leasing Ltd. (the "*Lessor*") to lease an electric-powered sedan (the "*Lease*"). An initial amount of $24,882.35 was paid upon signing or delivery, and 39 monthly payments of $2,382.35 were scheduled to be paid through the term of the lease. Payments under the Lease are approximately two months overdue.

## BASIS FOR RELIEF

8.      Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). This provision "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (quoting *In re Murexco Petrol., Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)); *see also In re Exide Techs.*, 607 F.3d 957, 967 (3d Cir. 2010); *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993). Thus, a court should approve a

debtor's rejection of an executory contract or unexpired lease if the rejection represents an exercise of the debtor's sound business judgment, benefits the estate, and is not made in bad faith. *See, e.g.*, *In re J. C. Penney Direct Mktg. Servs., L.L.C.*, 50 F.4th 532, 534 (5th Cir. 2022) (citing *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1658 (2019)); *Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.*, 872 F.2d 36 39-40 (3d Cir. 1989); *Orion Pictures*, 4 F.3d at 1098-99.

9. Although the subject car remains useful to Ms. Nash (and, by extension, to The Jerk Pit), the Debtors believe that the estates should not be burdened by a monthly $2,382.35 lease payment that well exceeds the standard IRS ownership costs The Debtors have therefore determined to reject the Lease and return the subject car to the Lessor.

10. Ms. Nash lives in the Maryland suburbs, approximately 8 miles from The Jerk Pit, at an address that is inconvenient to public transportation. If she is to continue managing The Jerk Pit's business and meeting for the ordinary obligations of life, she will need another car. Accordingly, she is seeking authority to obtain a replacement car, with a maximum monthly payment of $662.00. This amount is the standard "ownership cost" that is incorporated into the "disposable income" standards of chapters 7 and 13. *See* 11 U.S.C. §§ 707(b)(2)(A)(ii)(I), 1325(b)(3); Internal Revenue Service, *Local Standards: Transportation* (Apr. 21, 2025), *available at* https://www.irs.gov/businesses/small-businesses-self-employed/local-standards-transportation. Although the IRS standards are not incorporated directly into the "disposable income" standard of subchapter V, *cf.* 11 U.S.C. § 1191(d), Ms. Nash believes that the IRS standards serve as a useful reference point for the reasonableness of transportation expenses.

## RESERVATION OF RIGHTS

11. Nothing in this Motion is intended or should be construed as (a) an implication, admission or concession as to the validity, amount or priority of or basis for, any claim against any Debtor, (b) a waiver of any Debtor's or any other party in interest's right to dispute any claim on any ground, (c) a promise or requirement to pay any claim, (d) a waiver of any claim or cause of action that any Debtor or other party in interest may have against any entity; (e) a ratification, adoption, rejection or assumption of any agreement, contract, or lease under section 365 of the

Bankruptcy Code, other than the proposed rejection; (f) a waiver or limitation of any Debtor's or other party in interest's rights under any agreement, the Bankruptcy Code or other applicable law; (g) an implication, admission, concession or finding (i) that any particular claim is of a type specified or defined in this Motion or (ii) that any particular claim is of a type specified or defined in the Motion or the Order; or (h) an implication or admission that any lien, security interest, other encumbrance on property of any Debtor or right of setoff is valid, enforceable or perfected.

*[Remainder of page intentionally blank]*

Upon the foregoing Motion, the Debtors respectfully request that the Court (a) enter the Proposed Order granting this Motion and (b) grant such other relief as is just and proper.

| | |
|---|---|
| Dated: May 27, 2025<br>Washington, D.C. | Respectfully submitted,<br><br>*/s/ John Colan*<br>John Colan (D.C. Bar No. 1011310)<br>SINOBERG RAFT<br>1754 Corcoran Street NW, Apt 56R<br>Washington, DC  20009<br>Telephone: 1 (804) 513-1566<br>Email:     John.Colan@SinobergRaft.com<br>*Proposed Counsel to the Debtors*<br><br>Lisa Laukitis (*pro hac vice* pending)<br>Benjamin M. Schak (*pro hac vice* pending)<br>Avi Taub (*pro hac vice* pending)<br>MILBANK LLP<br>55 Hudson Yards<br>New York, NY  10001<br>Telephone: 1 (212) 530-5000<br>Email:     LLaukitis@Milbank.com<br>            BSchak@Milbank.com<br>            ATaub@Milbank.com<br><br>*Proposed Counsel to The Jerk Pit, LLC* |

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re* <br> **LISA NASH** d/b/a The Jerk Pit *et al.*,[1] <br> Debtors. | Case No. 25-00097 (ELG) <br> Chapter 11 <br> (Joint Administration Requested) |

# NOTICE OF MOTION AND
# OPPORTUNITY TO REQUEST A HEARING

One or both of the debtors in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), have filed the enclosed *Debtors' Motion for an Order Authorizing Rejection of an Unexpired Automobile Lease* (the "**Motion**").

> **Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have one in these Chapter 11 Cases. If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to grant the relief sought in the Motion, or if you want the court to consider your views on the Motion, then you or your attorney must, on or before **June 18, 2025** (or, if you are served solely by mail, by June 23, 2025), file with the Court a written request for a hearing on the Motion, explaining your position with particularity. You must file your request

---

[1] The Debtors in these chapter 11 cases (the "***Chapter 11 Cases***"), along with the federal tax identification number and address of each one, are Lisa Nash (xxx-xx-2750, at 6510 Park Hall Drive, Laurel, MD 20707); and The Jerk Pit, LLC (56-2486016, at 9078 Baltimore Ave., College Park, MD 20740).

for a hearing through the Court's Electronic Case Filing system at https://ECF.DCB.USCourts.gov/ or by mail to:

> Clerk of Court
> U.S. Bankruptcy Court for the District of Columbia
> 333 Constitution Ave., NW
> Washington, DC  20001

If you mail your request to the Court, you must mail it early enough so the Court will **receive** it on or before the date stated above.

You must also send copies of your request to each of the following, so as to be **received** on or before the date stated above:

> Milbank LLP
> Attn: Lisa Laukitis and Benjamin Schak
> 55 Hudson Yards
> New York, NY  10001

and:

> Sinoberg Raft
> Attn: John Colan
> 1754 Corcoran St. NW, Apt. 56R
> Washington, DC  20009

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief without further notice or hearing.

Dated: May 28, 2025
Washington, D.C.

/s/ John Colan

John Colan (D.C. Bar No. 1011310)
SINOBERG RAFT
1754 Corcoran Street NW, Apt 56R
Washington, DC  20009
Telephone: 1 (804) 513-1566
Email:     John.Colan@SinobergRaft.com

*Proposed Counsel to the Debtors*

Lisa Laukitis (*pro hac vice* pending)
Benjamin M. Schak (*pro hac vice* pending)
Avi Taub (*pro hac vice* pending)
MILBANK LLP
55 Hudson Yards
New York, NY  10001
Telephone: 1 (212) 530-5000
Email:     LLaukitis@Milbank.com
           BSchak@Milbank.com
           ATaub@Milbank.com

*Proposed Counsel to The Jerk Pit, LLC*

EXHIBIT A TO AUTOMOBILE REJECTION MOTION

PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re*<br>**LISA NASH** d/b/a The Jerk Pit *et al.*,[1]<br>Debtors. | Case No. 25-00097 (ELG)<br>Chapter 11<br>(Jointly Administered)<br>**Related to Dkt. No. __** |

## ORDER AUTHORIZING (I) REJECTION OF AN UNEXPIRED AUTOMOBILE LEASE AND (II) LEASE OR PURCHASE OF A REPLACEMENT VEHICLE

---

[1] The Debtors in these chapter 11 cases (the "***Chapter 11 Cases***"), along with the federal tax identification number and address of each one, are Lisa Nash (xxx-xx-2750, at 6510 Park Hall Drive, Laurel, MD 20707); and The Jerk Pit, LLC (56-2486016, at 9078 Baltimore Ave., College Park, MD 20740).

Upon the motion (the "**Motion**"), of the above-captioned debtors (the "**Debtors**") for entry of an order (this "**Order**") authorizing the rejection of an unexpired automobile lease and the lease or purchase of a replacement vehicle; and the Court having jurisdiction to decide the Motion and to enter this Order pursuant to 28 U.S.C. § 1334; and these chapter 11 cases having been referred to this Court pursuant to 28 U.S.C. § 157(a) by Local Bankruptcy Rule 5011-1(a) of the Rules of the United States District Court for the District of Columbia (Jan. 2024); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, consistent with the Bankruptcy Rules and the Local Bankruptcy Rules, such notice being adequate and appropriate under the circumstances; and after notice and a hearing, as defined in section 102 of the Bankruptcy Code; and the Court having determined that the legal and factual bases set forth in the Motion and in the record establish just cause for entry of this; and it appearing that entry of this Order is in the best interests of the Debtors' estates; it is hereby **ORDERED** that:

1.     Pursuant to section 365 of the Bankruptcy Code, the unexpired lease between the Debtors and Porsche Leasing Ltd. for an automobile with VIN number ending 7511 is hereby rejected, in each case effective as of earlier of (a) the date of this Order or (b) the date on which the subject automobile is surrendered to the lessor, its agent or the Silver Spring, MD dealership through which the lessor leased the automobile.

2.     Pursuant to section 363 of the Bankruptcy Code, Ms. Nash is authorized to purchase or lease a replacement automobile, so long as each scheduled payment (including both the initial payment, if any, and any monthly payments) is not scheduled to exceed $662.00 (including taxes and other required fees or charges).

3.     No assets of the estate of The Jerk Pit, LLC may be expended on the purchase or lease described in the previous paragraph, and The Jerk Pit, LLC may not guarantee, jointly purchase, or otherwise become a party to such a purchase or lease.

4.      Notwithstanding any provision of the Bankruptcy Rules or Local Rules, the terms of this Order shall be immediately effective and enforceable upon its entry.

5.      The Debtors and their agents are authorized to take all steps necessary or appropriate to carry out this Order.

6.      The Court will retain jurisdiction over all matters arising from or related to the implementation, interpretation or enforcement of this Order.

**Presented by:**

*/s/ John Colan*
John Colan (D.C. Bar No. 1011310)
SINOBERG RAFT
1754 Corcoran Street NW, Apt 56R
Washington, DC  20009
Telephone: 1 (804) 513-1566
Email:     John.Colan@SinobergRaft.com

Lisa Laukitis (*pro hac vice* pending)
Benjamin M. Schak (*pro hac vice* pending)
Avi Taub (*pro hac vice* pending)
MILBANK LLP
55 Hudson Yards
New York, NY  10001
Telephone: 1 (212) 530-5000
Email:     LLaukitis@Milbank.com
           BSchak@Milbank.com
           ATaub@Milbank.com

**Copies to:** All counsel of record via ECF and

Porsche Leasing Ltd.
c/o Tydings & Rosenberg LLP
Attn: Joseph M. Selba
One East Pratt Street, Ste. 901
Baltimore, MD  21202