John Colan (D.C. Bar No. 1011310)
SINOBERG RAFT
1754 Corcoran Street NW, Apt 56R
Washington, DC  20009
Telephone:    1 (804) 513-1566
Email:        John.Colan@SinobergRaft.com

*Proposed Counsel to the Debtors*

Lisa Laukitis (*pro hac vice*)
Benjamin M. Schak (*pro hac vice*)
Avi Taub (*pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, NY  10001
Telephone:    1 (212) 530-5000
Email:        LLaukitis@Milbank.com
              BSchak@Milbank.com
              ATaub@Milbank.com

*Proposed Counsel to The Jerk Pit, LLC*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re*<br>**LISA NASH** d/b/a The Jerk Pit,[1]<br>　　　　Debtor. | Case No. 25-00097 (ELG)<br>Chapter 11<br>(Expedited Consideration Requested)<br>**Re: Dkt. No. 34** |
| *In re*<br>**THE JERK PIT**,<br>　　　　Debtor. | Case No. 25-00201 (ELG)<br>Chapter 11<br>(Expedited Consideration Requested) |

# DEBTORS' MOTION TO APPROVE STIPULATION AND AGREED ORDER RESOLVING DARIA LAND GROUP, LLC'S AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY AND FOR PAYMENT OF ADMINISTRATIVE RENT

---

[1] The Debtors in these chapter 11 cases (the "***Chapter 11 Cases***"), along with the federal tax identification number and address of each one, are Lisa Nash (xxx-xx-2750, at 6510 Park Hall Drive, Laurel, MD 20707); and The Jerk Pit, LLC (56-2486016, at 9078 Baltimore Ave., College Park, MD 20740).

The debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, "**The Jerk Pit**" or the "**Debtors**"), respectfully state as follows.

## RELIEF REQUESTED

1. By this motion (the "**Motion**"), the Debtors seek entry of an order approving a settlement of *Daria Land Group LLC's Amended Motion for Relief from Automatic Stay and for Payment of Administrative Rent* [Case No. 25-00097, Dkt. No. 34] (the "**Lift-Stay Motion**"). A proposed form of order (the "**Stipulation**") is attached to this Motion as **Exhibit A**.

2. The principal statutory bases for this Motion are sections 362(d), 363(b) and 365(d)(3) of title 11 of the U.S. Code (the "**Bankruptcy Code**") and Rules 4001(d) and 9019 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**").

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This case has been referred to the Court pursuant to 28 U.S.C. § 157(a) by Local Bankruptcy Rule 5011-1(a) of the Rules of the United States District Court for the District of Columbia (Jan. 2024). This Motion is a core proceeding under 28 U.S.C. § 157(b). Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**I. THE JERK PIT**

4. Lisa Nash opened The Jerk Pit's first location in 2005 in a converted clapboard house, introducing authentic Jamaican cuisine to diners in College Park, Maryland. Over the years, the business expanded to a full-service dine-in and take-out restaurant with approximately fifteen employees. Encouraged by the success of the College Park location, The Jerk Pit opened its second location in the Adams Morgan neighborhood of Washington, DC, in August 2024. The Jerk Pit's College Park and Washington locations are operated by, respectively, The Jerk Pit LLC and Lime Cay, Inc. (the "**Jerk Pit Entities**"), both of which are wholly owned by Ms. Nash.

5. The Adams Morgan expansion was financed with a series of burdensome financing transactions through which both Jerk Pit Entities sold or pledged portions of the combined business's receivables. Meanwhile, business at the Adams Morgan location has grown slower than expected, two of the financing providers have begun to exercise remedies, and both Jerk Pit Entities now face eviction proceeds from their respective landlords on account of unpaid rent. Amid these challenges, Ms. Nash has determined to close the newer location and focus her remaining capital and energy on preserving the profitable College Park location.

6. Ms. Nash filed a voluntary petition for chapter 11 relief on March 21, 2025, and The Jerk Pit filed a voluntary petition on May 28, 2025. The Jerk Pit's case was filed under subchapter V of chapter 11, and a motion to allow Ms. Nash to amend her petition to proceed under subchapter V is forthcoming. Jolene E. Wee (the "**Subchapter V Trustee**") was appointed as trustee under 28 U.S.C. § 586(b) and section 1183 of the Bankruptcy Code on May 29, 2025; no other trustee, examiner or official committee has been appointed in these cases.

## II. THE LEASE

7. As described in the Lift-Stay Motion, Daria Land Group, LLC (the "**Landlord**") is the lessor of The Jerk Pit's restaurant at 9078 Baltimore Avenue, College Park, MD (the "**Premises**"). The Jerk Pit has occupied this space for approximately 15 years under a lease agreement (the "**Lease**") between the Landlord and Ms. Nash, the individual Debtor in these Chapter 11 Cases. Although Ms. Nash is the named lessee, the Premises have been used exclusively as a business site for the benefit of The Jerk Pit, LLC, which has invested substantial capital in improving the Premises and tailoring the Premises to function as a Jamaican restaurant. The lease expired by its terms on May 31, 2025.

8. As of Ms. Nash's petition date, she and The Jerk Pit were several months late on rent, and the Landlord had commenced eviction proceedings in the District Court of Maryland for Prince George's County. Since Ms. Nash's petition date, no rent has been paid to the Landlord.

9. On May 13, 2025, the Landlord filed the Lift-Stay Motion, seeking (a) relief from the automatic stay to allow the Landlord to take action for possession of the Premises and

(b) allowance and payment of an administrative claim in the amount of $21,773.57 through May 31, 2025, plus $306.67 per additional day. The objection deadline for the Lift-Stay Motion is June 3, 2025, and the Lift-Stay Motion is scheduled to be heard on June 10, 2025.

10. The Debtors and the Landlord have agreed to resolve the Motion on the following terms (qualified by reference to the Stipulation):

- On or before June 6, 2025 (or two business days following an order approving the settlement), the Debtors will pay (a) two months' rent for April and May 2025, totaling $18,400, and (b) one month's rent for June 2026, totaling $9,200.

- Upon payment of the foregoing amounts, the Lease will be deemed extended through September 30, 2025 (an extension of four months), with $9,200 rent due on the first business day of each month.

- All payments will be made to the Landlord at its business address in certified funds.

- The automatic stay will be lifted with respect to the Lease on 10-day notice of default if (a) the Debtors fail to pay the $18,400 arrearage or the monthly rent of as it comes due during the extended term of the Lease or (b) the Lease expires on September 30, 2025, in accordance with its terms; *provided* that the Debtors reserve their rights to object to any such notice and the Landlord will not oppose expedited hearing of any such objection.

11. The proposed monthly rent of $9,200 is identical to the current rate. The Debtors have not committed to any particular treatment of the Lease or of the Landlord's claims under a chapter 11 plan, and have not committed to assume (or to assume and assign) the Lease or to cure any defaults other than April and May rent described above.

### Basis for Relief

12. The proposed settlement has two components: (a) an agreement to extend the Lease by four months and to pay two months of overdue rent and (b) a modification of the automatic stay. The former is justified under sections 363, 365 and 503(b) of the Bankruptcy Code, and the latter under section 362.

13. As an initial matter, section 363(c) of the Bankruptcy Code authorizes The Jerk Pit, as a debtor in possession under section 1184 of the Bankruptcy Code, to "enter into transactions" and to "use property of the estate in the ordinary course of business," even without notice or a

hearing. The Debtors believe that this section provides ample authority for the Debtors to maintain the status quo by extending the Lease by four months on its current terms. Furthermore, even if section 363(c) does not permit the Debtors to extend the Lease, the four-month lease extension should be authorized under section 363(b), which permits the use of estate property outside the ordinary course of business, because The Jerk Pit's business would collapse if it were unable to use the Premises following the Lease's expiration.

14. The payment of rent is also authorized—if not demanded—by sections 363(b)-(c) and 365(d)(3) of the Bankruptcy Code. Section 365(d)(3) requires Ms. Nash, as a debtor in possession, to "timely perform all the obligations of the debtor [with certain exceptions not relevant here] arising from and after the order for relief under any unexpired lease of nonresidential real property." 11 U.S.C. § 365(d)(3). Because Ms. Nash is the named lessee under the Lease, the Landlord has at least a colorable argument that an administrative obligation to pay rent arose as of her petition date, rather than the petition date of The Jerk Pit. Furthermore, payment of rent by The Jerk Pit (as opposed to payment by Ms. Nash) is justified as an "actual, necessary cost[] . . . of preserving" The Jerk Pit's own estate, pursuant to section 503(b)(1) of the Bankruptcy Code.

15. The consensual extension of the lease term and the payment of two months' rent are sufficient, for the time being, to resolve the Landlord's request to lift the stay. However, as a condition to extending the term of the Lease, the Debtors have agreed that the stay will be lifted with respect to the Lease if the Debtors miss future rent payments or if the extended Lease expires at the end of September without agreement on a further extension. The Debtors believe that this is a reasonable concession in exchange for the much-needed extension, for several reasons. *First*, the four-month extension gives The Jerk Pit sufficient time to pursue a chapter 11 plan, which must be proposed within 90 days under the terms of subchapter V. *See* 11 U.S.C. § 1189(b). *Second*, the Debtors retain the ability to contest the lifting of the stay on an expedited basis, if the Debtors believe that relief from the stay is not justified under the Bankruptcy Code and the terms of the present agreement. *Third*, if the Debtors are unable to pay rent in the future or if the Lease expires by its (extended) terms, it is likely that the Landlord would in fact be entitled to relief from the stay.

16.     Finally, the Debtors submit that the proposed package represents, as a whole, a sound exercise of the Debtors' business judgment. The consensual agreement will allow the College Park location to remain open throughout the Chapter 11 Cases, without requiring the Debtors to pay extra money or to cure all the outstanding defaults under the Lease. Meanwhile, the Debtors and the subchapter V trustee remain free to bargain with the Landlord over the terms of assuming the Lease, or even to seek an alternative location.

*[Remainder of page intentionally blank]*

Upon the foregoing Motion, the Debtors respectfully request that the Court (a) enter the Proposed Order granting this Motion and (b) grant such other relief as is just and proper.

| | |
|---|---|
| Dated: June 3, 2025<br>Washington, D.C. | Respectfully submitted,<br><br>*/s/ /John Colan/*<br>John Colan (D.C. Bar No. 1011310)<br>SINOBERG RAFT<br>1754 Corcoran Street NW, Apt 56R<br>Washington, DC  20009<br>Telephone: 1 (804) 513-1566<br>Email:    John.Colan@SinobergRaft.com<br><br>*Proposed Counsel to the Debtors*<br><br>Lisa Laukitis (*pro hac vice*)<br>Benjamin M. Schak (*pro hac vice*)<br>Avi Taub (*pro hac vice*)<br>MILBANK LLP<br>55 Hudson Yards<br>New York, NY  10001<br>Telephone: 1 (212) 530-5000<br>Email:    LLaukitis@Milbank.com<br>            BSchak@Milbank.com<br>            ATaub@Milbank.com<br><br>*Proposed Counsel to The Jerk Pit, LLC* |

**EXHIBIT A TO MOTION
TO APPROVE LIFT-STAY SETTLEMENT**

**PROPOSED ORDER**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re* <br> **LISA NASH** d/b/a The Jerk Pit,[1] <br> Debtor. | Case No. 25-00097 (ELG) <br> Chapter 11 <br> **Re: Dkt. Nos. 34** |
| *In re* <br> **THE JERK PIT, LLC**, <br> Debtor. | Case No. 25-00201 (ELG) <br> Chapter 11 |

# STIPULATION AND AGREED ORDER
# RESOLVING DARIA LAND GROUP, LLC'S
# AMENDED MOTION FOR RELIEF FROM AUTOMATIC
# STAY AND FOR PAYMENT OF ADMINISTRATIVE RENT

---

[1] The Debtors in these chapter 11 cases (the "***Chapter 11 Cases***"), along with the federal tax identification number and address of each one, are Lisa Nash (xxx-xx-2750, at 6510 Park Hall Drive, Laurel, MD 20707); and The Jerk Pit, LLC (56-2486016, at 9078 Baltimore Ave., College Park, MD 20740).

This Stipulation (this "**Stipulation**") is entered into by (a) Lisa Nash and The Jerk Pit, LLC (together, the "**Debtors**") and (b) Daria Land Group, LLC (the "**Landlord**" and, together with the Debtors, the "**Parties**"), in settlement of *Daria Land Group LLC's Amended Motion for Relief from Automatic Stay and for Payment of Administrative Rent* [Case No. 25-00097, Dkt. No. 34] (the "**Lift-Stay Motion**"). The Parties hereby stipulate as follows.

## RECITALS

1. Debtor Lisa Nash (a/k/a Lisa Waddell Rose) and the Landlord are parties to an Agreement of Lease, dated October 9, 2010 (as amended and extended from time to time, the "**Lease**") for the premises located at 9078 Baltimore Avenue, College Park, MD (the "**Premises**").

2. Ordinary monthly rent under the Lease is currently $9,200 per month, payable at the beginning of each calendar month. The Lease is currently scheduled to expire on May 31, 2025.

3. Debtor Lisa Nash filed a petition for relief under chapter 11 of the Bankruptcy Code on March 21, 2025 (the "**First Petition Date**") before the U.S. Bankruptcy Court for the District of Columbia (the "**Court**"). Debtor The Jerk Pit, LLC filed a petition for relief under chapter 11 of the Bankruptcy Code on May 28, 2025, before the same Court.

4. No rent has been paid under the Lease since prior to the First Petition Date, including with respect to calendar months April and May 2025.

5. On May 13, 2025, the Landlord filed the Lift-Stay Motion, seeking (a) relief from the automatic stay to allow the Landlord to take action for possession of the Premises and (b) allowance and payment of an administrative claim in the amount of $21,773.57 through May 31, 2025, plus $306.67 per additional day. The objection deadline for the Lift-Stay Motion is June 3, 2025, and the Lift-Stay Motion is scheduled to be heard on June 10, 2025.

## AGREEMENTS

6. The Debtors will pay $18,400.00 (the "**Administrative Arrears**") no later than June 6, 2025 (or, if later, two business days following approval of this Stipulation by the Court), in satisfaction of the rent obligation under the Lease as to calendar months April and May 2025.

7. The Debtors will pay $9,200.00 (the "***June Rent***") no later than June 6, 2025 (or, if later, two business days following approval of this Stipulation by the Court), in satisfaction of the rent obligation under the Lease as to calendar month June 2025.

8. Upon approval of this Stipulation by the Court and payment of the Administrative Arrears and the June Rent by the Debtors, the Lease will be deemed amended so as to expire on September 30, 2025, without need for further documentation. All other provisions of the Lease will remain in effect.

9. Rent for each month from July through September 2025 will be due in the amount of $9,200.00 on the first business day of each calendar month.

10. Each payment described under paragraphs 6, 7 and 9 of this Stipulation (collectively, the "***Rent Payments***") shall be paid in certified funds at the Landlord's business address (12020 Georgia Avenue, Unit H, Silver Spring, MD 20902).

11. If the Debtors fail to pay any Rent Payment at the time required by this Stipulation, the Landlord will be entitled to serve a notice of default (a "***Notice of Default***") upon the Debtors (with a copy filed on the Court's docket). The automatic stay of section 362 of the Bankruptcy Code will be lifted ten calendar days after service and filing of the Notice of Default unless otherwise ordered by the Court. All rights of the Debtors or any other party are preserved to oppose the lifting of the automatic stay following a Notice of Default, and the Parties will not oppose an expedited hearing on the lifting of the automatic stay.

12. This Stipulation shall be subject to Court approval; *provided* that, pending Court approval, (a) the Parties will use commercially reasonable efforts to seek prompt approval of the Stipulation and (b) the Landlord will take no action to dispossess the Debtors from the Premises, including on the grounds that the Lease has expired.

13. Nothing in this Stipulation is intended or should be construed as (a) an implication, admission or concession as to the validity, amount or priority of or basis for, any claim against the Debtors, other than for the Administrative Arrears, (b) a waiver of any Debtor's or any other party in interest's right to dispute any claim on any ground, (c) a promise or requirement to pay any

claim, (d) a waiver of any claim or cause of action that any Debtor or other party in interest may have against any entity; (e) a ratification, adoption, rejection, assumption, or assignment of any agreement, contract or lease (including the Lease) under section 365 of the Bankruptcy Code, (f) a waiver or limitation of any Debtor's or other party in interest's rights under any agreement, the Bankruptcy Code or other applicable law; (g) an implication, admission, concession or finding (i) that any particular claim is of a type specified or defined in this Stipulation or (ii) that any particular claim is of a type specified or defined in this Stipulation; (h) an implication or admission that any lien, security interest, other encumbrance on property of any Debtor or any right of setoff is valid, enforceable or perfected; or (i) a promise or assurance that any plan of reorganization that may be proposed or confirmed will afford any specific treatment of the Lease or of the Landlord's claims.

14. Notwithstanding Bankruptcy Rule 6004(h) or any other provision of the Bankruptcy Rules or Local Bankruptcy Rules, the terms of this Stipulation shall be immediately effective and enforceable upon its approval by the Court.

15. The Court will have jurisdiction over all matters arising from or related to the implementation, interpretation or enforcement of this Stipulation.

NOW, THEREFORE, it is by the United States Bankruptcy Court for the District of Columbia by this Order ("*Agreed Order*"),

ORDERED, that the terms of the Stipulation are incorporated into this Agreed Order; and it is further

ORDERED, that provided that the Debtors are not in default of this Stipulation and Agreed Order, Landlord shall forbear from exercising its rights under the Lease and state law; and it is further

ORDERED, that, except as expressly changed by this Stipulation and Agreed Order, the terms of the Lease remain unchanged and in full force and effect; and it is further

ORDERED, that, upon the default by the Debtors of any of the terms set forth in this Agreed Order, Landlord shall be entitled to serve a notice of default (a "**Notice of Default**") upon the Debtors (with a copy filed on the Court's docket); and it is further

ORDERED, that the automatic stay of 11 U.S.C. § 362(a) shall be lifted, and Landlord shall be authorized to immediately proceed with its remedies under the Lease and state law of the Premises without further notice to this Court, the Debtors or any other interested parties upon the expiration of the ten (10) calendar days of the filing of the Affidavit of Default, absent further order of the Court; and it is further

ORDERED, that the forbearance provisions of this Agreed Order shall automatically terminate upon the filing of a motion, notice or other paper by The Jerk Pit, LLC, requesting that its bankruptcy case be converted to a case under any other chapter of the Bankruptcy Code; and it is further

ORDERED, that the terms of this Consent Order and the relief granted herein shall survive conversion of the Bankruptcy Cases to cases under any other chapter of the Bankruptcy Code; and it is further

ORDERED, that the stay provided for by Fed. R. Bankr. P. 4001 be and is hereby waived and, therefore, this Order is effective immediately; and it is further

ORDERED, that The Jerk Pit, LLC is authorized (but not directed) to make any payment due under the Stipulation, notwithstanding that Lisa Nash is the named lessee under the Lease; *provided* that any such payment shall be appropriately reflected on the monthly operating reports of both Lisa Nash and The Jerk Pit, LLC, as being made on behalf of Lisa Nash.

**Presented by:**

*/s/ John Colan*

John Colan (D.C. Bar No. 1011310)
SINOBERG RAFT
1754 Corcoran Street NW, Apt 56R
Washington, DC  20009
Telephone: 1 (804) 513-1566
Email:     John.Colan@SinobergRaft.com

*Proposed Counsel to the Debtors*

Lisa Laukitis (*pro hac vice*)
Benjamin M. Schak (*pro hac vice*)
Avi Taub (*pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, NY  10001
Telephone: 1 (212) 530-5000
Email:     LLaukitis@Milbank.com
           BSchak@Milbank.com
           ATaub@Milbank.com

*Proposed Counsel to The Jerk Pit, LLC*

**Seen and agreed by:**

*/s/ Scott R. Robinson*
Scott R. Robinson (Bar No. MD10184)
HOFMEISTER, ROBINSON & DIPIETRO
11350 McCormick Road
Executive Plaza II, Suite 601
Hunt Valley, MD  21031
Telephone: 1 (410) 832-8822
Email:     ScottR@HRDLawyers.com

*Counsel to the Landlord*

**Copies to:** All counsel of record via ECF